Bernardo Muñiz, demandante y apelante, *v.* Isabel Feliciano, demandada y apelada.

No. 4444.—*Visto:* Mayo 24, 1928. *Resuelto:* Mayo 31, 1928.

*O'Neill & O'Neill,* abogados del apelante. La apelada no compareció.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Bernardo Muñiz demandó a su esposa Isabel Feliciano en solicitud de divorcio. Alegó que el matrimonio se celebró en Lares el 5 de septiembre de 1918, que existen como consecuencia del mismo dos hijos y que la demandada

"desde hace algún tiempo y especialmente en los últimos dos meses ha venido maltratando a este demandante, tanto de palabras como de hechos, insultándole e injuriándole pública y gravemente en presencia de personas extrañas, produciendo fuertes escándalos y descuidando completamente de las obligaciones matrimoniales y se ha negado a vivir maritalmente con el demandante, a pesar de las reiteradas súplicas del mismo con tal fin."

Emplazada la demandada, no contestó. Se anotó su rebeldía. Se celebró el juicio en su ausencia y la corte dictó finalmente sentencia declarando la demanda sin lugar.

No conforme el demandante interpuso este recurso señalando como error el cometido a su juicio por la corte al no declarar que los hechos expuestos en la demanda se habían probado en el juicio.

Toda la prueba practicada se ha incluido en una exposición del caso así:

"Que la demandada Isabel Feliciano ha maltratado al demandante de palabras y de hechos, y se ha negado a vivir maritalmente con él, declarando a este fin el propio demandante que desde que empezó a trabajar como sereno, al regresar a su hogar en las horas del día, la demandada, Isabel Feliciano le ha insultado e injuriado pública y gravemente, en presencia de personas extrañas, dirigiéndole entre otras palabras obscenas e indecentes, las de chulo y maricón, produciendo con esto fuertes escándalos e interrumpiendo la tranquilidad y paz del hogar.

"Continuó declarando el demandante que le había suplicado a Isabel Feliciano, aquí demandada, que depusiese su actitud, indicándole que él no estaba acostumbrado a tales cosas y espectáculos.

"Finalmente y a preguntas del Honorable Juez de Distrito, declaró el demandante, que la demandada no quería ni había accedido a concederle el débito carnal.

"Declaró además, un testigo que también trabajaba de noche,

como sereno, aunque en otro sitio y el cual era vecino del demandante, corroborando las mismas declaraciones anteriores en cuanto se refiere a los insultos que dirigía la demandada al demandante y a los escándalos que producía en presencia de personas extrañas, así como a lo relacionado con las reiteradas súplicas del demandante hechas a su esposa, para que depusiese su actitud y volviera a vivir en armonía y paz con él.''

A nuestro juicio no hay base para revocar la sentencia recurrida. Tanto la declaración del demandante como la de su único testigo son deficientes por lo menos en la forma en que aparecen en la exposición del caso. Para romper el vínculo matrimonial necesítase una prueba fuerte y completa. No basta que el esposo declare que la esposa le dirigió ciertas palabras insultantes ''produciendo con esto escándalos e interrumpiendo la tranquilidad y paz del hogar'' y que se diga que un testigo corrobora la declaración del esposo. Es necesario relatar la escena entera, con todos sus detalles, para deducir la responsabilidad de cada uno. Tampoco basta que se exprese como una conclusión que la demandada no ''había accedido a concederle el débito carnal.'' En la demanda se expresa que el matrimonio se celebró en 1918 y que existen dos hijos; la demandada pudo estar enferma o pudo estarlo el propio demandante, u ocurrir otras circunstancias que justificaran la negativa en el caso de ser cierta.

Debemos presumir que el Juez de Distrito actuó correctamente. El tuvo la oportunidad de escuchar de labios de los propios testigos su declaración, de observar su actitud y sus gestos y quizá a través de sus ojos penetrar en sus almas. ¿Cómo puede pretenderse que nosotros sin esas oportunidades y sin las declaraciones completas podamos, sustituyendo nuestro juicio por el suyo, concluir que cometió el error que se le atribuye?

*Debe confirmarse la sentencia recurrida.*